[No. 33012. Department Two. April 7, 1955.]

FRANK FRENCH, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Walthew, Oseran & Warner*, for appellant.

*The Attorney General* and *Winston C. Ingman, Assistant*, for respondent.

PER CURIAM.—As in *Harper v. Department of Labor & Industries, ante* p. 404, 281 P. (2d) 859, the question before us is whether the claimant had presented any medical testimony from which it could be found that there was a greater amount of permanent partial disability at the time of the closing of his claim than that allowed by the supervisor of industrial insurance. The claim here was for "acute strain—lumbar spine—aggravation of previous scoliosis." The claim was closed December 18, 1950, without any award for permanent partial disability. On an appeal to the board of industrial insurance appeals, the claimant's medical expert testified that as of September 21, 1951, the claimant's rating should be thirty-five per cent of the maximum for unspecified permanent partial disability. There was no

---

[1] Reported in 282 P. (2d) 295.

medical testimony of any permanent partial disability on the relevant date of December 18, 1950.

The board of industrial insurance appeals sustained the order of the supervisor. On an appeal to the superior court, the jury found that the claimant was permanently partially disabled to the extent of thirty-five per cent of the maximum for unspecified permanent partial disabilities as of December 18, 1950.

The trial judge concluded that there was no evidence to support such a finding, or a finding of any greater degree of disability on December 18, 1950, than allowed by the supervisor and granted a motion for judgment n.o.v., and entered an order of dismissal.

As in the *Harper* case, the medical expert failed to connect the testimony of disability with the relevant date.

In this case, the claimant testifies that he did not receive notice of the order closing his claim until September 28, 1951, but there is no showing that this prejudiced him in the presentation of his appeal from that closing order to the board of industrial insurance appeals, and the case was submitted to the jury, without objection, on the theory that December 18, 1950, was the relevant date, with reference to which the degree of permanent partial disabililty was to be determined.

Judgment of dismissal affirmed.